(Decided Feby. 25th, 1864.)

---

## EDMUND B. DU VAL *vs.* MARCUS DU VAL.

BILL OF EXCEPTIONS: EVIDENCE.—Where the bill of exceptions shows that the plaintiff offered testimony to maintain the issue joined *generally*, the language of the defendant's objection to the evidence, will not be sufficient to countervail the statement of the bill of exceptions so as to circumscribe the object of the plaintiff's offer.

EVIDENCE: RIGHT OF WAY: EASEMENTS.—Where the plaintiff offers evidence *generally* to establish a right of way, and the defendant objects to its sufficiency to show a right of way *by adverse possession*, the objection will not avail, if there be any supposable case in which a right of way over the *locus in quo*, might exist, other than by adverse possession.

Where the evidence offered was to show, that a road existed from the plaintiff's land, over the land of the defendant, to the public road, more than twenty years before, the fact that there was an unity of possession in their grand-father, of the lands owned by the plaintiff and defendant, within the twenty years, does not necessarily destroy the right of way which previously existed, or show that it was lost by non-user or merger.

EVIDENCE—ADMISSIBILITY OF.—It is not competent for a party to exclude evidence upon one ground, which may be admissible on another.

EVIDENCE—SUFFICIENCY OF—WHEN A QUESTION FOR THE JURY.—Where evi-
dence is offered for a particular purpose, for which it is inadmissible, it
should be rejected, although it would be admissible generally; but where
it is offered generally, and is *per se* admissible, its sufficiency to establish
the whole case is a question to be determined by the jury, upon a prayer
properly framed and presented, after the evidence is closed.

IN AN ACTION FOR ASSAULT AND BATTERY, where the plaintiff's right of way
over the road *near which* the assault was committed is put in issue, the
plaintiff's right of action will not depend upon his being at the time of the
assault in the exact line of the road, as he may have been driven or divert-
ed from the road by the act of the defendant.

APPEAL from the Circuit Court for Prince George's
County :

The appellee sued the appellant to recover damages for
having been shot at and wounded by him, while riding in
his carriage over a road passing through the defendant's
land. By leave of the Court the plaintiff filed an amend-
ed declaration, and upon further leave filed an amended
declaration to his amended declaration, which contained
five counts, the 2nd and 3rd of which were afterwards by
leave of the Court withdrawn. The 1st count alleges that
the defendant did on the morning of the 22nd of May 1859,
make a violent assault and battery upon the plaintiff, with
a double barreled shot gun; and the second and third counts
set forth the same cause of action, with recitals of the spe-
cial injuries inflicted, and special damages sustained. The
defendant pleaded to the several counts: 1st. That he did
not commit the wrong alleged. 2nd. That the plaintiff
first assaulted the defendant, and he committed the assault
in his own defence. 3rd. That the plaintiff at the time of
the alleged assault and battery, had wrongfully entered
upon the defendant's land, and was trespassing upon the
same, and the defendant notified and forewarned the plain-
tiff to leave the same, and the plaintiff refused to do it, and
the alleged wrong was committed in protecting his person
and property.

Issue having been joined to the several pleas, the plain-
tiff withdrew, by leave of the Court, the general replication

Du'Val vs. Du Val.

to the third plea to the several counts in the plaintiff's declaration, and by way of new assignment to the third plea of the defendant to the several counts, he says: "that at the time of shooting as alleged in the declaration, that he was not a trespasser upon the premises of said defendant when said shooting occurred; but says, over said premises and along said road, where said shooting occurred, he had a right of way;" upon this new assignment issue was joined.

The plaintiff, by way of new assignment to the second plea of the defendant to the several counts of plaintiff's declaration, "admits the first assault upon the defendant, but pleads the excess of the defendant's assault upon him, because the said assault did put in jeopardy the life and limbs of the said plaintiff," to which the defendant pleads, "that the excess of his assault upon the plaintiff did not put in jeopardy the life and limbs of the plaintiff."

*Exception.* "Upon the trial of this cause the plaintiff to maintain the new assignment and issue joined under the third plea of the defendant, to the several counts in the plaintiff's amended declaration, offered to prove by a competent witness that a road existed from the plaintiff's land over the land of the defendant, near where the alleged trespass was committed, to the public road, more than twenty years ago; and further proved that the title and possession of the real estate now held by the plaintiff and defendant, over which the said road passes, was in the grand-father of the plaintiff and defendant up to the year 1844, under whom both the plaintiff and defendant claim, and within the term of twenty years from the date of the bringing of this action: to the admissibility of which evidence for the purpose of shewing the right of way over the defendant's land the defendant objected, upon the ground that the evidence of the witness proved that there was a unity of possession within twenty years existing in the grand-father, and no adverse possession could commence while this said

unity of possession existed. The Court overruled the objection and admitted the evidence to go to the jury.''

This appeal is taken by the defendant from this ruling of the Court below, (SAMUEL B. HANCE, Special Judge.)

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Daniel Clarke*, for the appellant, argued that the Court erred in admitting said evidence to go to the jury:

1. Because no adverse possession could commence while the unity of title and possession existed in the grand-father; and the evidence of the witness showing that the said unity of title and possession existed within the period of twenty years in the grand-father, it was improper to admit the said evidence for the purpose of establishing a right of way in the plaintiff, founded upon the existence of the said road for a period beyond twenty years. *Onley vs. Gardiner*, 4 *Mees. & Wels.*, 496. *Morris vs. Edgington*, 3 *Taunt.*, 24. *Stephen, N. P.*, 2759. *Clayton vs. Cuby*, 2 *Ad. & El.*, 813. 2 *Smith's Le. Ca.*, 90.

2. Because the evidence was not pertinent to the issue, inasmuch as it only proved that the road was *near* where the alleged assault was committed, and did not establish the existence of the road, as a right of way at the *place where* the said assault occurred. 2 *Greenlf's Ev.*, sec. 661.

3. The verdict being a general one upon the issues joined, and the question whether the plaintiff was a trespasser upon the land of the defendant, at the time of the assault, being submitted to the jury by the instruction of the Court, and being passed upon in their finding on the issue joined to the new assignment of the plaintiff to the 3rd plea of the defendant to the several counts in the plaintiff's declarations, if evidence was improperly permitted to go to the jury upon this issue, this Court will reverse the judgment of the Court below, because the finding of the jury upon this issue, must have affected the question of damages.

*Haney vs. Marshall,* 9 *Md. Rep.,* 194.  *Harker vs. Orr,* 10 *Watts,* 245.  *Sterrett vs. Bull,* 1 *Binney,* 238.  *Shaffer vs. Kintzer,* 1 *Binney,* 546.  *Grant vs. Astel,* Doug., 731. *Clarke vs. Russell,* 3 *Dallas,* 415.  *Fullam vs. Cummings,* 16 *Vermont,* 697.  *Warren vs. Walker,* 23 *Maine,* 453. *Burnham vs. Toothaker,* 19 *Maine,* 371.  *Benson vs. Atwood,* 13 *Md Rep.,* 22.  *Neel vs. Hughes,* 10 *G. & J.,* 7.  *Wiley vs. Givens,* 6 *Grattan,* 277.  *Poindexter vs. Davis,* 6 *Grattan,* 481.  *State vs. Patten,* 13 *Iredell,* 422.  *Morrison vs. Judge,* 14 *Ala.,* 182.  *Ex-parte Keenan,* 21 *Ala.,* 558.

*William H. Tuck,* for the appellee, contended:

1st. That a right of way may exist without adversary use, and the plaintiff made no such claim.  The lands of both parties had belonged to the same ancestor, with a road through both farms for many years.  Marcus Du Val took his land with a right to this easement over the farm of his brother, and the latter received his subject to that burden. There being no other outlet to the public road the farm remote from the road was entitled, *by necessity,* to a right of way over the other.  *Woolwych on Ways,* 4 *L. L.* 16, &c., *Law of Easements,* (*Gale & Whately,*) 49, &c. *McTavish vs. Carroll,* 7 *Md. Rep.,* 352.

2nd. The evidence was offered generally, and not merely for the purpose mentioned in the appellant's objection.  It was admissible to show the *locus* of the assault to have been a road, and the appellee might have intended to follow that evidence by other proof of title to the use of the road.  A party may offer his evidence in his own order.  *Caton vs. Carter,* 9 *G. & J.,* 476.

Bowie, C. J., delivered the opinion of this Court:

This was an action for an assault and battery brought by the appellee against the appellant.  Among other defences, the appellant pleaded that the plaintiff, at the time when the assault was committed, had wrongfully entered

20      v. 21

upon the lands of the defendant, and was trespassing when the defendant warned him to leave, and he, plaintiff, refused; to which the plaintiff replied by way of new assignment, "that over said premises, and along said road where the shooting occurred, he, the plaintiff, had a right of way;" on which replication, issue was joined.

The plaintiff, to maintain the issue joined, offered to prove that a road existed near where the alleged trespass was committed, more than twenty years ago; and further proved, that the title and possession of the real estate now held by the plaintiff and defendant, over which said road passes, was in the grandfather of the plaintiff and defendant up to the year 1844, under whom both the defendant and plaintiff claim, and within twenty years from the institution of this action. To the admissibility of which, for the purpose of showing the right of way over the defendant's land, the defendant objected, upon the ground that the evidence of the witness proved there was a unity of possession, within twenty years, existing in the grandfather, and no adverse possession could commence while this unity of possession existed. Which objection was overruled, and the testimony permitted to go to the jury, to which the defendant excepted.

The objection rests upon the assumption, that the testimony excepted to was offered for the special purpose of establishing a right of way, by adverse possession, and a part of the evidence being inconsistent with that hypothesis, the whole should have been rejected. The record does not present this limited view of the object of offering the testimony. The offer was to maintain the issue generally, viz: "a right of way over the '*locus in quo*,'" at the time when the supposed trespass was committed. There is nothing circumscribing the object of the plaintiff's offer, except the language of the defendant's objection, which is not sufficient to countervail the statement of the bill of exception. If there was any supposable case in which such a right of way might exist, other than by adverse possession, the ruling of

the Court below was right, for it was not competent for the defendant to exclude evidence on one ground which might have been admissible on another.

The issue was a right of way *vel non.* The evidence offered, was that a road existed from the plaintiff's land over the land of the defendant, near where the alleged trespass was committed, to the public road, more than twenty years ago. The fact that there was a unity of possession in the grandfather, of the lands owned by plaintiff and defendant, within twenty years, did not necessarily destroy the right of way which previously existed, or show it was lost by *non-user* or *merger.* The right of way might have been one of necessity. " Upon the severance of a heritage, a grant will be implied, first, of all those continuous and apparent easements which have been used by the owner during the unity, *though they have had no legal existence as easements;* without which, enjoyment of the several portions could not be fully had." *Law of Easements,* 71 to 85, cited in *McTavish vs. Carroll,* 7 *Md. Repts.,* 360. There was nothing in the evidence to show there was any other way from the plaintiff's farm to the public road, and it is not for this Court to infer such a state of facts.

This is not a question as to the sufficiency of evidence, but as to its admissibility. Where the evidence is offered for a particular purpose, for which it is inadmissible, there it should be rejected, although it would be admissible generally; but where it is offered generally, and is *per se* admissible, its sufficiency to establish the whole case, is a question to be determined by the jury, upon a prayer properly framed and presented after the evidence is closed. 6 *G. & J.,* 488. *Marshall vs. Haney,* 4 *Md. Rep.,* 498. *Pegg vs. Warford,* 7 *Md. Rep.,* 582. The testimony being competent, and tending to establish the issue on the part of the plaintiff, was, we think, properly admitted.

Whether the *locus in quo* was a highway or road over which the plaintiff had a right of passage, was the fact to be ascertained by the jury. The plaintiff's right of action.

did not depend upon his being at the time in the exact line of the road. He might, as was ingeniously argued, have been driven or diverted from the road by the act of the defendant. The testimony of the witness, that the road existed near where the alleged assault was committed, was precise enough to go to the jury, as tending to establish the right of way, and it does not appear that it was objected to below on account of its indefiniteness.

Concurring with the Court below in its ruling, the judgment will be affirmed.

*Judgment affirmed.*

(Decided Feb'y 26th, 1864.)